Adam B. Nach – 013622
Joel F. Newell - 025296
**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: joel.newell@lane-nach.com

*Attorneys for Stanley J. Kartchner, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>SUSAN LOUISE LITTLE fka SUSAN LOUISE FRYMAN,<br><br>Debtor. | (Chapter 7 Case)<br><br>No. 4:13-bk-13343-SHG<br><br>**TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL ON A CONTINGENCY FEE BASIS; DECLARATIONS OF SPECIAL COUNSEL** |

Stanley J. Kartchner, Trustee, by and through his attorneys undersigned and pursuant to 11 U.S.C. § 327, herein makes application to this Court for an Order approving the employment of Special Counsel to perform professional services on behalf of this Estate. In support of this Application, Trustee respectfully represents as follows:

1. This case was commenced by voluntary petition filed by Susan Louise Little ("**Debtor**") under Chapter 7 of Title 11 of the United States Code on August 1, 2013 ("**Petition Date**").

2. Stanley J. Kartchner is the duly appointed and acting Trustee of the Chapter 7 Estate (hereinafter "**Trustee**").

3. Among the assets of this Estate is a pending claim resulting from complications associated with the implantation/performance of a medical device implanted on or about February 10, 2011 (hereinafter "**Claim**"). Trustee has determined that the Claim is non-exempt and could generate funds for the Estate.

4. Post-petition, and on or about December 14, 2016, Debtor retained Dault & Associates, PLLC ("**Dault**") to represent her with respect to the Claim. The parties entered into a thirty-three and one-third percent (33.33%) Contingency Fee Agreement, a copy of which is attached hereto and incorporated herein as "**Exhibit A**."

5. On or about January 4, 2017, Debtor executed an Addendum to the Contingency Fee Agreement authorizing Motley Rice, LLC ("**Motley**") to assist Dault in prosecuting and resolving the Claim (Motley and Dault are hereinafter referred to together as "**Special Counsel**"). A copy of the Addendum is attached hereto as "**Exhibit B.**"

6. Dault and Motley have entered into an agreement to split the 33.33% contingent fee as follows: 67% to Motley and the remaining 33% to Dault.

7. It is Trustee's understanding and belief that the Claim is still pending and therefore any settlement proceeds obtained therefrom are considered property of this Chapter 7 Estate.

8. Trustee desires to continue the employment of Special Counsel to represent the Estate, solely with reference to the pending Claim. Trustee has selected Special Counsel because of their knowledge of the pending Claim which it has handled from the outset. Trustee believes Special Counsel is well qualified to assist the Trustee and Estate in this matter. Trustee believes that considering the expertise of Special Counsel and the nature of the services to be performed, that the services to be rendered by Special Counsel will be of material benefit to the Trustee and this Estate.

9. The professional services to be rendered by Special Counsel on behalf of this Estate include: (a) providing the Trustee and his counsel legal advice with respect to the Claim; (b) preparing on behalf of the Trustee any pleadings and other documents necessary in connection with its representation of the Estate; (c) representing the Trustee at hearings and during other court appearances which may be necessary pertaining to these proceedings; and, (d) performing such other related services as are in the best interest of this Estate.

10. As stated above, Debtor and Special Counsel previously entered into a contingency fee agreement. Special Counsel will represent the Estate at the same rate, plus reimbursement of out-of-pocket costs. Such rate is the normal fee for this type of litigation.

11. Special Counsel are aware of the provisions of 11 U.S.C. §330 and understand, notwithstanding the terms and conditions of employment herein set forth, that the approval of employment does not automatically approve the professional fees, and that the Bankruptcy Court may allow compensation different from the compensation provided herein upon a separate application for fees filed with the Court and after notice to all creditors and parties-in-interest providing the opportunity for

the Court to review any objections which any party may have.  Special Counsel further understand that the Court may also consider the amended application in the absence of any objections, and may adjust the fees according to the merits of the particular case pursuant to 11 U.S.C. §§ 327, 328, 329, 330, and 331.

12. Special Counsel understands that any costs/expenses for which reimbursement is sought must be itemized for presentation to the Bankruptcy Court, and that no fees or costs shall be paid as a result of the bankruptcy.  Additionally in the event of discharge of Special Counsel, Special Counsel shall not be provided with a lien against, or other entitlement to, any settlement proceeds.  Finally, Special Counsel understand that in the event insufficient information is provided for Trustee to seek authorization to pay Special Counsels' fees or costs, or if information is not timely provided to Trustee, Trustee will only request payment for those fees/costs for which adequate support has been provided, and Special Counsel shall be responsible for seeking additional amounts from the Court.

13. Special Counsel understands that settlement funds must be paid to the Trustee for distribution to creditors of the Bankruptcy Estate, and that the Estate shall not indemnify any party or professional in this matter.

14. Special Counsel understands that any settlement proposal is subject to Bankruptcy Court approval.

15. Trustee has determined that the employment of Special Counsel is in the best interest of the Estate.  Trustee is satisfied from the Declarations attached hereto as **Exhibits "C" and "D",** that Special Counsel do not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matter on which such attorneys are to be employed within the meaning of 11 U.S.C. § 327(e).

WHEREFORE, Stanley J. Kartchner, Trustee, respectfully requests that this Court enter its Order approving the employment of Dault & Associates, PLLC and Motley Rice, LLC as special counsel on behalf of this Estate; and, for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 11th day of December, 2017.

**LANE & NACH, P.C.**

By: */s/ Adam B. Nach - 013622*
    Adam B. Nach
    Joel F. Newell
    *Attorneys for Trustee*

**CERTIFICATE OF MAILING**

COPY of the foregoing mailed via electronic mail as follows:

Whitney G. Coats
Brown, Naegle, Crider & Jensen, LLC
9375 E. Shea Bvd., Ste. 100
Scottsdale, AZ 85260
Email: wcoats@bncjlaw.com
*Attorney for Debtor*

Michaela McInnis
Motley Rice, LLC
55 Cedar St., Ste. 100
Providence, RI 02903
Email: mmcinnis@motleyrice.com
*Proposed Special Counsel*

Brian Dault
Dault & Associates, PLLC
668 N. 44th St., Suite 300
Phoenix, AZ 85008
Email: brian@daultlaw.com
*Proposed Special Counsel*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: renee.S.Shamblin@usdoj.gov
Email: ustpregion14.px.ecf@usdoj.gov

By:/s/ Deborah McKernan

*In re: Susan Louise Little*
*Case No.: 4:13-bk-13343-SHG*

# **EXHIBIT "A"**

## DAULT & ASSOCIATES, PLLC
Serious Injury, Medical Malpractice and Wrongful Death Attorneys

### Personal Injury Retainer and Contingency Agreement

THIS AGREEMENT made this \_\_14\_\_ day of \_\_December\_\_, 2016, between \_\_Sue Little\_\_, hereinafter called "Client," and DAULT & ASSOCIATES, PLLC hereinafter called "Attorneys," states:

THAT, WHEREAS, Client may have a cause of action for damages against \_\_American Medical Systems, Inc.\_\_, et al., for injuries sustained \_on or about September, 2016\_, and Client agrees to employ Attorneys to investigate, prosecute or settle the claim(s) to settlement satisfactory to Client or to final judgment; and

Attorneys have consented to accept said employment;

NOW, THEREFORE, IT IS AGREED between Client and Attorneys as follows:

In consideration of the services already rendered and to be rendered by Attorneys, Client agrees to pay Attorneys for this bodily injury claim a sum equal to 33 1/3 percent of any sums collected or recovered. If Attorneys agree, in their discretion, to pursue or defend an Appeal from any judgment, the percentage fee will not increase.

If attorneys' fees are awarded by the court against and recovered from the adverse parties, the Client shall pay the hourly rate time the number of hours worked, or shall pay the percentage contingency fee stated in the paragraph above, whichever is greater. The attorneys' fee shall be calculated at the rate of $450.00 per hour for attorney time and $100.00 per hour for paralegal time. Any attorneys' fees recovered from the adverse parties will be added to the amount recovered for calculation of the contingency percentage.

Client further agrees that a portion of Attorneys' fees may be paid to an attorney, if any, who represents Client with Attorneys under a co-counsel agreement with an assumption of joint responsibility in this matter.

All necessary costs and expenses incurred, such as investigation, copying, depositions, medical reports, consultation fees, travel expenses, and the like, are in addition to Attorneys' fees. These costs and expenses will be advanced by Attorneys, and shall be reimbursed to Attorneys out of Client's share of any recovery only in the event of settlement or recovery.

Client understands that the adverse party may be awarded, and Client may be required to pay, the adverse party's costs and jury fees to the court should the adverse party prevail at trial.

From Client's share of any recovery received, Client authorizes Attorneys to pay directly to the creditor all valid liens for services related to claims that are the subject of the case.

Prior to recovery of any sums, whether by settlement or judgment, the Client and the Attorneys may agree that part of the recovery will be received in one or more years after the year in which a settlement or judgment becomes final. If part of the recovery will be received in such later year or years, then the value of all such recovery, and of any fee to be paid, in later years shall be computed as of the time that the settlement or judgment becomes final in applying the above percentage. In no event shall the Attorneys' fee, whenever paid, have a value (computed as of the date the settlement or judgment becomes final) greater than the percentages set forth above relative to the value of all recovery as of the date the settlement or judgment becomes final.

At the end of our engagement, we will turn over the hard copy or electronic version of the file to you. If you do not want the file, you agree that the file may be destroyed in accordance with our document retention policy. Currently, it is our policy to destroy files five years after the termination of the representation.

IT IS FURTHER AGREED that Attorneys may at any time cancel this Agreement in the event their investigation discloses that no reasonable grounds exist for pursuing the claim or that significant differences in opinion exist between the parties hereto, or for any other material reason.

IN WITNESS WHEREOF, we have signed our names the day and year first above written.

DAULT & ASSOCIATES, PLLC

By: _____
Brian Dault, Esq.

_____
Client: Sue Little

*In re: Susan Louise Little*
*Case No.: 4:13-bk-13343-SHG*

# **EXHIBIT "B"**

ADDENDUM TO FIRM RETAINER AGREEMENT

MRID: 635256.000
Little, Susan Louise

You have signed a Retainer Agreement for legal representation in the pelvic mesh litigation by Dault Law Offices. This is an addendum to that agreement. By signature below, you are expressly authorizing Motley Rice LLC ("Motley Rice") to associate with this firm in prosecuting and/or resolving your cause(s) of action. You agree and understand that:

a. **The attorney's fee to be divided between all firms retained will not increase the total attorney's fee owed under the terms of the Retainer Agreement;**

b. All firms will assume joint responsibility for your representation; and

c. The division of the 33% attorney's fee between the firms is 67% to Motley Rice LLC and 33% to Dault Law Offices.

Your signature below indicates your understanding and consent to the association of counsel in this matter and consent to the division of fees that will occur in the event of a recovery.

CLIENT PRINTED NAME: Susan Little

CLIENT SIGNATURE: Sue J Little   DATE: 1-4-17

SPOUSE'S PRINTED NAME: N/A

SPOUSE'S SIGNATURE: N/A   DATE: _____

*In re: Susan Louise Little*
*Case No.: 4:13-bk-13343-SHG*

# **EXHIBIT "C"**

## DECLARATION

Michaela McInnis declares as follows:

A. I am an attorney duly admitted to practice before all courts of the State of Rhode Island.

B. I am an attorney at Motley Rice, LLC (the "**Firm**") with offices located at 55 Cedar St., Ste. 100, Providence, RI 02903 and am authorized to make the declarations set forth herein on behalf of the Firm.

C. The Firm is one of two firms retained by Susan Little ("**Debtor**") to represent her with respect to a personal injury/defective product claim. A thirty-three and one-third percent (33.33%) Contingent Fee Employment Contract was entered into by Debtor.

D. The Firm has agreed to a fee split agreement with Dault & Associates, PLLC ("**Dault**") wherein the Firm will receive as its compensation sixty-seven percent (67%) of the contingent fee and Dault will received thirty-three percent (33%) of the contingency fee received in this matter, plus reimbursement of out of pocket costs.

E. The fee division between the attorneys/law firms employed in this matter is proportionate to the services performed by each lawyer and/or each lawyer assumes joint responsibility for the representation.

F. The Firm and its associates understand that the Bankruptcy Estate is now its client and all duties are owed to the Bankruptcy Estate.

G. The Firm and its associates understand that any settlements are subject to Bankruptcy Court approval, and that any settlement proceeds must be delivered to the Trustee for distribution pursuant to the terms set forth in any settlement agreement and/or the Bankruptcy Code.

H. The Firm and its associates understand that the continued employment terms are set forth in the Application to which this declaration is attached, and that any employment terms set forth in the original employment agreement(s) not specifically adopted therein, shall not be part of the terms of

employment by the Bankruptcy Estate. Moreover, the Firm understands that no additional fees or costs shall be paid as a result of the filing of the bankruptcy case.

I.  The Firm and its associates understand that any compensation is subject to Bankruptcy Court approval, and that the Bankruptcy Court has jurisdiction over the amount and reasonableness of its fees.

J.  The Firm and its associates do not represent or hold any interest adverse to the Debtor or the Estate with respect to the matter on which I am to be employed.

Under penalty of perjury under the laws of the State of Rhode Island and the United States of America, I swear the foregoing is true and correct.

Dated: _December 6, 2017_

_Michaela McInnis_
Michaela McInnis

*In re: Susan Louise Little*
*Case No.: 4:13-bk-13343-SHG*

# EXHIBIT "D"

# DECLARATION

Brian Dault declares as follows:

A.  I am an attorney duly admitted to practice before all courts of the State of Arizona.

B.  I am an attorney at Dault & Associates, PLLC (the "**Firm**") with offices located at 668 N. 44th St., Ste. 300, Phoenix, AZ 85008 and am authorized to make the declarations set forth herein on behalf of the Firm.

C.  The Firm is one of two firms retained by Susan Little ("**Debtor**") to represent her with respect to a personal injury/defective product claim. A thirty-three and one-third percent (33.33%) Contingent Fee Employment Contract was entered into by Debtor.

D.  The Firm has agreed to a fee split agreement with Motley Rice, LLC ("**Motley**") wherein the Firm will receive as its compensation thirty-three percent (33%) of the contingent fee and Motley will receive sixty-seven percent (67%) of the contingency fee received in this matter, plus reimbursement of out of pocket costs.

E.  The fee division between the attorneys/law firms employed in this matter is proportionate to the services performed by each lawyer and/or each lawyer assumes joint responsibility for the representation.

F.  The Firm and its associates understand that the Bankruptcy Estate is now its client and all duties are owed to the Bankruptcy Estate.

G.  The Firm and its associates understand that any settlements are subject to Bankruptcy Court approval, and that any settlement proceeds must be delivered to the Trustee for distribution pursuant to the terms set forth in any settlement agreement and/or the Bankruptcy Code.

H.  The Firm and its associates understand that the continued employment terms are set forth in the Application to which this declaration is attached, and that any employment terms set forth in the original employment agreement(s) not specifically adopted therein, shall not be part of the terms of

employment by the Bankruptcy Estate. Moreover, the Firm understands that no additional fees or costs shall be paid as a result of the filing of the bankruptcy case.

I.	The Firm and its associates understand that any compensation is subject to Bankruptcy Court approval, and that the Bankruptcy Court has jurisdiction over the amount and reasonableness of its fees.

J.	The Firm and its associates do not represent or hold any interest adverse to the Debtor or the Estate with respect to the matter on which I am to be employed.

Under penalty of perjury under the laws of the State of Arizona and the United States of America, I swear the foregoing is true and correct.

Dated: 12/6/17

_____
Brian Dault